UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZAL ARNETT,

                Plaintiff,

-against-

THE IRS (INTERNTAL REVENUE SERVICE);
VISA USA, INC.,

                Defendants.

18-CV-11852 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction. He seeks injunctive relief and damages. By order dated August 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action as frivolous, and directs Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without leave of Court.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted)

## BACKGROUND

Plaintiff sues the Internal Revenue Service ("IRS") and Visa USA, Inc. His claims arise out of disputes he has with his credit-card company about whether the company should credit his credit-card account. Plaintiff asserts that his appearances in state housing court, the death of former President George Herbert Walker Bush, as well as other events that are mentioned below are related to his credit-card company's decision to reverse at least one credit it had made to his credit-card account. Plaintiff also asserts that he became suspicious when he observed police at a subway station shortly after he called his credit-card company.

Plaintiff alleges that:

> Visa and the IRS orchestrated all at the same time: the credit reversals following my issue of a transaction with Rite Aid; the inconvenient serving of papers suggesting my appearance in housing court; the funeral of the late George H.W. Bush; the statements about my designer scarf each time I swipe/insert following my experience at Starbucks Brookfield Place and police appearances atop subway staircases.

(ECF 2, p. 8.)

## DISCUSSION

### A. Plaintiff's claims are frivolous

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Litigation history

In an order dated May 10, 2018, in another of Plaintiff's actions, the Court warned Plaintiff that if he filed additional frivolous or otherwise nonmeritorious litigation in this Court, the Court could issue sanctions against him, including a leave-to-file injunction. *See Arnett v. Fire Dep't of New York (FDNY)*, 1:18-CV-3909, 5, pp. 3-4 (S.D.N.Y. May 10, 2018). By filing the present complaint after the Court issued that order, Plaintiff has failed to heed the Court's warning. The Court therefore orders Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without first obtaining leave to file from the Court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him.

If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, the Court will bar Plaintiff from filing any future civil action in this Court IFP without first obtaining the Court's leave to file.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket.[1]

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court orders Plaintiff to show cause by declaration within thirty days why the Court should not bar him from filing any future civil action in this Court IFP without first obtaining the Court's leave to file.

A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 30, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF 3.)